## UNITED STATES v. GYDNIA AMERICAN SHIPPING LINES, Limited, et al.

District Court, S. D. New York.

July 29, 1944.

James B. M. McNally, U. S. Atty., of New York City (William J. Tillinghast, Jr., Acting Sp. Asst. to U. S. Atty., of New York City, of counsel), for libelant.

Reid, Cunningham & Freehill, of New York City (James E. Freehill, of New York City, of counsel), for respondents.

LEIBELL, District Judge.

On April 18, 1944, the United States of America filed a libel in this Court against the above named respondents. The libel alleged that the Steamer Paderewski was owned, chartered, operated, managed or otherwise controlled by the respondent, Gydnia American Lines, Ltd. A similar allegation was made concerning the other respondent, Lamport & Holt Line, Ltd. The libel further alleged that the steamer, the S. S. Paderewski was employed "in the common carriage of merchandise by water for hire"; that on or about October 6, 1942, there was delivered to the respondent and to the steamer, as common carrier, by the libelant, United States of America, as represented by the United States War Department, Purchasing Division, Army Exchange Service, 140 cases of chewing gum marked: "Exchange Officer, Trinidad Base Command Port of Spain, Trinidad, B.W.I."; that they were all in good order and condition and were to be carried by respondent and said steamer to Port of Spain, Trinidad, there to be delivered in like good order and condition, in consideration of the freight charges agreed and paid. The libel further alleged that the S. S. Paderewski arrived at the Port of Spain in Trinidad, but failed to make delivery of eight of the cases in violation of the obligations and duties of respondents and the ship; that the eight cases remained aboard the vessel when it left the Port of Spain, Trinidad, and were still aboard when it arrived at its next port of call, Para in Brazil. The libel also states "that such over-carriage of the libelant's shipment was a deviation from the vessel's prescribed itinerary and from its obligation to deliver at Port of Spain." The libelant claims damages in the sum of $500 "no part of which has been paid, although duly demanded."

To this libel the respondents filed certain exceptions claiming that the cause of action alleged in the libel was barred by Section 3, subdivision 6 of the Carriage of Goods by

Sea Act of the United States, 46 U.S.C.A. § 1303(6), and as part of the exceptions certain allegations were set forth. These exceptive allegations state that although the eight cases were aboard the vessel when it left on its return trip from Para, Brazil, for the Port of Spain, the vessel was lost December 31, 1942. It is further alleged by respondents that the action was not started until April 18, 1944; that the vessel arrived at the Port of Spain October 20, 1942 and when it left there November 6, 1942, it still had the eight cases aboard. It is claimed that the suit should have been brought within one year after November 1, 1942, when the goods should have been delivered, or at any rate within one year after December 31, 1942, when the vessel was lost.

The pertinent paragraph of § 3 of the Act, Title 46 U.S.C.A. § 1303(6), upon which the respondent relies, reads as follows:

"In any event the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered: Provided, That if a notice of loss or damage, either apparent or concealed, is not given as provided for in this section, that fact shall not affect or prejudice the right of the shipper to bring suit within one year after the delivery of the goods or the date when the goods should have been delivered."

§ 5 of the Act, 46 U.S.C.A. § 1305 provides:

"A carrier shall be at liberty to surrender in whole or in part all or any of his rights and immunities or to increase any of his responsibilities and liabilities under this chapter and section 25 of Title 49, provided such surrender or increase shall be embodied in the bill of lading issued to the shipper."

■ The bill of lading (apparently there was one, according to a letter annexed to the interrogatories attached to the libel) was not itself annexed to the libel, nor is the bill of lading annexed to respondent's exceptions to the libel, nor are its terms recited in the exceptive allegations. I cannot say whether or not the respondents have, by the bill of lading, waived any of the immunity to which they are entitled under the Act. I think that they should be required to file an answer to the libel and if they have any defenses to set them forth fully. Any proof in relation to these defenses can be submitted to the Judge who sits in the Admiralty Part and tries the case. The Argentino, D.C., 28 F.Supp. 440. I do not think that this action should be summarily disposed of by the exceptions to the libel on the incomplete papers now presented.

On the argument of the motion there was some discussion as to the terms of the Bill of Lading, but the libelant's attorney stated that the libel as drawn would sustain a claim in tort, as well as one on the Bill of Lading. That only serves to emphasize the necessity of having the issues raised by respondents' exceptions, presented as a defense in respondents' answers, and the proof thereon submitted to the trial judge for his consideration in deciding the case on the merits.

Exceptions overruled. Submit order on two days' notice.